**ON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WAYNE JAMES, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1669 EDA 2022 |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014092-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WAYNE JAMES, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1670 EDA 2022 |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014093-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WAYNE JAMES, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1672 EDA 2022 |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014094-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
| v. | : | |
| | : | |
| WAYNE JAMES, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1674 EDA 2022 |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014095-2011

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WAYNE JAMES, | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 1675 EDA 2022 |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014096-2011

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED OCTOBER 6, 2023**

Wayne James ("James") appeals *pro se* from the order dismissing his

petition for relief under the Post Conviction Relief Act ("PCRA").[1] We affirm.[2]

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Because James filed five notices of appeal, we decline to quash this appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), because each notice of appeal listed all five docket numbers. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*). Although this appeal involves multiple cases, we refer mostly to the materials in the singular.

On June 26, 2011, James entered the Genesis Bar and ordered a drink. While he was having a second drink and smoking a cigarette at the bar, a bar security employee asked him to leave. James refused. A bouncer carried him out of the bar. As he sped off in his car, James declared that he would return. Ten or fifteen minutes later, James returned and opened fire as he approached the bar. His bullets hit a security guard stationed outside. James entered the bar and fired additional gunshots. Carl Sharper died instantly from a bullet to his forehead; at least four other people suffered gunshot wounds. In October 2013, a jury found James, who represented himself at trial, guilty of first-degree murder, and four counts of aggravated assault. In February 2015, this Court affirmed James's judgments of sentence. *See Commonwealth v. James*, 120 A.3d 380, 2015 WL 7586986 (Pa. Super. 2015) (unpublished memorandum at *1-3). The Supreme Court denied allowance of appeal. *See Commonwealth v. James*, 121 A.3d 495 (Pa. 2015).

On March 11, 2016, James filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition. In July 2019, the court dismissed the petition. On November 4, 2019, this court quashed the appeal as untimely. *See Commonwealth v. James*, --- A.3d ---, No. 2508 EDA 2019 (Pa. Super. 2019).

In November 2019, James filed a *pro se* petition to file a notice of appeal *nunc pro tunc* from the dismissal of his first PCRA petition but withdrew his request to reinstate his appeal from his first PCRA petition. He then filed a

*pro se* PCRA petition – alleging unspecified governmental interference and newly-discovered evidence possibly contained in one of the victim's medical records, sent the court an August 2020 letter referencing an aggravated assault victim's medical records, and filed an October 2022 *pro se* PCRA petition that did not assert the existence of any time-bar exception. In March 2022, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 to which James did not file a response. In May 2022, the PCRA court dismissed James's petition as untimely. James and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, James presents the following issues for our review:

1. Whether[] [James] was denied a fair trial under the Sixth Amendment due to the district attorney's assistant['s] . . . failure to fulfill his duty to disclose the full and complete record?

2. Whether [James] was denied a fair trial because [the assistant district attorney] failed to mark into evidence as he said: "Voluminous Documents" . . . because as he said . . . "I can't try a case with somebody that doesn't know the law" . . . constitutes an arbitrary action by a government official?

3. Did an unconstitutional break-down occur[] during [James's] pre-trial, trial, post-sentence, direct appeal, and collateral proceedings facts [sic] under this rule[] evidence which is the direct result or immediate product of illegal conduct on the part of the official, under the equal protection of the laws clause of the fourteenth amendment den[]y [James] a fair trial?

James's Brief at I.[3]

_____

[3] Although the cover of James's appellate brief mentions "The Great Writ of Liberty Ancillary Habeas Corpus," his appeal lies from the denial of PCRA relief
*(Footnote Continued Next Page)*

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

_____

and we address his claims under the PCRA. The PCRA subsumes the writ of *habeas corpus* to the extent that the grounds on which the relief sought falls within the scope of claims for which the PCRA could offer a remedy. **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). The determination of whether a post-conviction claim is properly assessed as a *habeas corpus* claim or under the PCRA is as follows:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (internal citations and footnote omitted). Because James's claims of ineffectiveness, prosecutorial misconduct, and denial of a fair trial, if presented timely and meritorious would merit PCRA relief, habeas relief is unavailable. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021) (stating *habeas corpus* is not available where the claim would have been cognizable under the PCRA if raised timely). Thus, the PCRA court properly regarded James's filings as PCRA petitions.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).[4]

Pennsylvania courts may consider an untimely PCRA petition if the

petitioner explicitly pleads and proves one of three exceptions set forth under

section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

---

[4] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3).

James's judgment of sentence became final on November 10, 2015, ninety days after the August 12, 2015 denial of his petition for Pennsylvania Supreme Court review when his time for filing a petition for writ of *certiorari* expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S. Sup. Ct. R. 13.1. James had until November 10, 2016, to file the instant PCRA petition, but did not do so until February 2020. Thus, James's petition is facially untimely under the PCRA, precluding review of the merits of the issues raised in the petition, absent a time-bar exception. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A PCRA court has no jurisdiction to entertain an untimely PCRA petition unless he can plead and prove a time-bar exception and the exercise of due diligence in discovering his claim. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 784 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(2).

James denies the facts that produced his convictions, and asserts the Commonwealth withheld trial transcripts, "induced hysteria" in two witnesses, and withheld hospital records for one of the shooting victims. **See** James's Brief at vi-xxi.

The PCRA court found James failed to meaningfully plead or prove a time-bar exception. The court noted that James acknowledged the time-bar in correspondence in August 2020, where he asserted that an aggravated assault victim's medical records constituted newly-discovered evidence. The court rejected the asserted time-bar exception because it contained only vague and unsupported allegations, and concluded it lacked jurisdiction over the petition. **See** PCRA Court Opinion, 7/28/22, at 2.

We perceive no error of law in the PCRA court's ruling. James failed to plead and offer to prove a time-bar exception in his filings, precluding appellate review. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005). To the extent James suggested the Commonwealth withheld an

aggravated assault victim's medical records, he failed to plead he acted with due diligence in discovering the alleged withheld medical records or that they contained previously unknown facts. **See id**; **see also** 42 Pa.C.S.A. §9545(b)(1), (2). To the extent James asserts the Commonwealth withheld the trial transcripts, James failed to preserve this issue in his pleadings. **See** Pa.R.A.P 302(a). Because James failed to state a time-bar exception, the PCRA court properly dismissed his claims. **See Gamboa-Taylor**, 753 A.3d at 784.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/6/2023